STATE OF LOUISIANA                          NO. 23-K-179

VERSUS                                      FIFTH CIRCUIT

VINCENT GOFFNER, JACOREY DAVIS,             COURT OF APPEAL
AND MALIK RODRIGUE
                                            STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

April 07, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 22-209

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Robert A. Chaisson

**WRIT GRANTED; STAY DENIED**

In this writ application, relator, the State of Louisiana, seeks this Court's review of the trial court's April 5, 2023 ruling that denied its notice of intent to introduce various items of evidence at trial as *res gestae* or pursuant to La. C.E. art. 404(B).

On April 3, 2023, the State filed a notice setting forth its intent to introduce evidence of Vincent Goffner's Instagram records, Facebook records, iCloud records, and cell phone extraction at the trial, which is scheduled to begin on Monday, April 10, 2023. The State maintained that this evidence is admissible as *res gestae* because it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the instant proceeding and is necessary for the State to present to the jury a full picture of the investigation conducted. In the alternative, the State maintained that this evidence is admissible pursuant to the provisions of La. C.E. art. 404(B) because the evidence goes to Goffner's intent to possess a firearm and to show a possible motive for the homicide.

23-K-179

In its motion, the State did not detail which specific pieces of evidence it would seek to introduce at trial, but rather requested an *in globo* ruling that all the evidence be deemed admissible.[1] Counsel for Mr. Goffner objected to the manner in which the State was presenting its motion, contending that the attached exhibit contained "10,000 plus pages," and arguing that "[t]here's no way that this Court can perform any gatekeeping function, relative to whether there's a picture, a video or a receipt or what have you, when we don't know what individual document they're talking about."[2] In response to this objection, the State acknowledged that it was not seeking to introduce all of the evidence and argued the following:

> Furthermore, and most importantly, the State acknowledges in its own motion that the prejudicial value cannot outweigh the probative effect of anything the State wishes to introduce, as a matter with regards to *res gestae*. So, the Court's gatekeeping function in the *res gestae* context, comes in a case by case basis, as to each individual item the State would seek to introduce at trial, not in this stage of the proceedings in a pretrial notice.
> In addition, I've made it known to Defense counsel that as is customary for myself in trials, prior to introducing anything at trial, before the calling of witnesses, it's my intention to screen shot and turn over images of anything within these records that I intend to introduce. **We're certainly not seeking to introduce every single item in the content of these various digital recordings, because they are not all relevant to the case.** And, I will provide, as I stated, the defense with the ones that I intend to introduce, if they wish to make more specific objections at that time, that would be what the law contemplates (emphasis added).

On April 5, 2023, after a hearing, the trial court denied the State's notice, rendering an *in globo* ruling as to the entirety of the voluminous items contained in the State's exhibit, finding that the evidence was not *res gestae* and that the State

---

[1] In connection with its *res gestae*/404(B) Notice, the State in essence provided what is often derisively referred to as a "document dump," with the expectation that the trial court, defense counsel, and now this Court could simply comb through the items to make appropriate objections to (in the case of defense counsel) and appropriate rulings on admissibility (in the case of the trial court and this Court).

[2] In response to this objection, the State initially noted its discovery obligations to provide the evidence in its possession to the defense; however, the State's discovery obligations are not particularly relevant to the specific objection that defense counsel made to the manner in which the State was bringing its *res gestae*/404(B) Notice that was before the Court.

failed to meet the obligations, requirements, and standards set forth in La. C.E. art. 404(B).  The State now seeks emergency review of this ruling.

In its writ application, the State acknowledges that it does not intend to introduce the entirety of these records at trial.  The State further suggests to this Court that, "An appropriate order from this Court directed to the Trial Court could facilitate this process and prevent the risk of undue prejudice from 'piling on'."[3]

We find that the trial court erred by rendering an *in globo* ruling on the admissibility of the voluminous records attached to the State's motion.  However, from our cursory review of these voluminous records, it appears that some of these items may in fact be *res gestae*/404(B) evidence that could possibly be admissible at trial.  Accordingly, we grant this writ application, vacate the ruling of the trial court and remand the matter with instructions that the trial court require the State to identify specifically the items that it desires a *res gestae*/404(B) ruling on in order that the trial court can properly rule as to each specific item.

The State's request for a Stay of proceedings in this matter is denied.

Gretna, Louisiana, this 7th day of April, 2023.

**RAC**
**SMC**
**JGG**

---

[3] Other than referencing a vague "appropriate order," the State does not suggest any specific Order that this Court could issue that would provide any useful guidance to the trial court in making its ultimate determination as to which specific items, or number of items, might be allowed at trial so as to "prevent the risk of undue prejudice from 'piling on'."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **04/07/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 23-K-179

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Thomas J. Butler (Relator)          Gregory Q. Carter (Respondent)
                                     Darren A. Allemand (Relator)

### MAILED

Joseph L. Perez (Respondent)         Honorable Paul D. Connick, Jr. (Relator)
Price Quenin (Respondent)            District Attorney
Attorney at Law                      Twenty-Fourth Judicial District
848 Second Street                    200 Derbigny Street
Third Floor                          Gretna, LA 70053
Gretna, LA 70053